UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:26-CR-0284-X(1) |
| | § | |
| JUWON PASQUEL TATE. | § | |

**MEMORANDUM OPINION AND**
**ORDER DENYING MOTION TO DISMISS**

Before the Court is defendant Juwon Tate's motion to dismiss. (Doc. 20). Tate argues his prosecution for possession of a firearm by a convicted felon violates the Commerce Clause and the Second Amendment (as applied to him). The Court requested supplemental briefing on how government treated fraud at the Founding. The parties complied and did an excellent job. After reviewing the supplemental briefing, the Court **DENIES** the motion to dismiss.

As to the Commerce Clause, the Fifth Circuit foreclosed that argument in *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). The pending en banc challenge might overturn that precedent, but this Court certainly lacks the power to overrule a Fifth Circuit opinion.

As to the Second Amendment, Tate has a prior conviction for wire fraud. The question is whether government at the Founding punished similar defendants in a more significant way, such that disarming Tate for life is permissible. The Court finds the government's argument compelling that government at the Founding punished securities fraud by death, and disarming Tate for life is a lesser punishment. The First Congress passed a law providing for the death penalty for

anyone forging or altering United States securities or anyone uttering, putting off, or offering for payment any false, forged, or altered public security "with intention to defraud any person, knowing the same to be false." An Act for the Punishment of Certain Crimes Against the United States, 1 Stat. 112, 115 (1790). And states prescribed the death penalty for fraud in more than just public securities. *See* Act of Feb. 7, 1788, ch. 20, 1788 N.Y. Laws 632 (prescribing the death penalty for "utter[ing] or publish[ing] as true" all manner of fraudulent financial instruments with the intent to defraud, including "any record, charter, deed or writing sealed, will, testament, bond, writing-obligatory, bill of exchange, [or] promisory note for payment of money"); Act of Mar. 5, 1737, No. 650, § 3, 1737 S.C. Laws 147 (prescribing the death penalty for participation in the false making, or the uttering or passing off as true, any "deed, will, testament, bond, writing obligatory, bill of exchange or promissory note for payment of money" if the violator acted "with the intention to defraud any person whatsoever"); Stuart Banner, *The Death Penalty: An American History* 8 (2002) (describing Virginia as punishing with death "concealing property to defraud creditors").

While Tate ably explains that fraud was often treated as a civil matter at the Founding, these statutes demonstrate it was also punishable by death in several jurisdictions at the Founding.

Tate's wire fraud conviction (involving deceiving others to believe American Express cards had value they did not possess) is a sufficiently similar historical analogy to the fraud statutes the government relies on. And death is a more serious

punishment than disarmament. Accordingly, the Court denies the motion to dismiss.[1]

**IT IS SO ORDERED** this 7th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[1] The government raises other types of historical laws as justification for disarming Tate. But the Court need not reach those additional argument here.